Filed 4/24/25  P. v. Hernandez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FRANCISCO RENE HERNANDEZ,<br><br>    Defendant and Appellant. | D083231<br><br><br>(Super. Ct. No. SCE286092) |

APPEAL from a judgment of the Superior Court of San Diego County, Lisa R. Rodriguez, Judge.  Affirmed.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Senior Assistant Attorney General, Collette C. Cavalier and Nora S. Weyl, Deputy Attorneys General for Plaintiff and Respondent.


The sole issue appellant Francisco Rene Hernandez raises is whether at his resentencing the trial court abused its discretion by declining to strike

a five-year Penal Code[1] section 667, subdivision (a)(1) serious felony prior enhancement.  We find no error in the sentence imposed and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On September 27, 2008, Hernandez and another individual approached two men in a vehicle and demanded all their belongings.  Hernandez's companion held the gun to one victim's head while Hernandez and his accomplice made their demands.  Based on that incident, on August 9, 2009, a jury convicted Hernandez of two counts of robbery (§ 211) and found true allegations as to both counts that, as a principal who committed both offenses, he was vicariously liable for being armed with a firearm (§ 12022, subd. (a)(1)).  The trial court subsequently found true allegations that Hernandez served a prior prison term within the previous five years (§ 667.5, subd. (b)), had two serious felony priors (§ 667, subd. (a)(1)), and had two prior strikes (§§ 667, subd. (b)–(i) & 1170.12).  The court sentenced Hernandez to concurrent terms of 25 years to life on each of counts one and two, plus a one-year section 12022, subdivision (a)(1) enhancement on each count.  In addition, the sentence included a one-year section 667.5, subdivision (b) prison prior enhancement and two five-year section 667, subdivision (a)(1) serious felony prior enhancements, for a total term of 25 years to life plus 12 years.

In 2022, Hernandez requested resentencing pursuant to Senate Bill No. 483.  Effective January 1, 2022, Senate Bill No. 483 (2021–2022 Reg. Sess.) added what is now section 1172.75 to the Penal Code.  (Stats. 2021, ch. 728, §§ 1, 3.)  The statute retroactively invalidates prison prior enhancements imposed pursuant to section 667.5, subdivision (b), except

---

[1]    Undesignated statutory references are to the Penal Code.

2

those based on a conviction for a sexually violent offense.  (§ 1172.75, subd. (a).)  When a sentence includes an invalid prison prior enhancement, "the court shall recall the sentence and resentence the defendant," "apply[ing] any other changes in law that reduce sentences or provide for judicial discretion."  (§ 1172.75, subds. (c) & (d)(2).)  The trial court determined that Hernandez's sentence included an invalid section 667.5, subdivision (b) enhancement requiring resentencing and appointed counsel for him.

In his motion for resentencing, Hernandez requested that the court strike one of his strike priors under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, and impose a determinate sentence, or impose an indeterminate sentence with both serious felony priors stricken.  In support, he noted he had a difficult childhood with a drug addicted stepfather and repeated moves between San Diego and Puerto Rico; developmental delays from a young age; low-average intellectual functioning; mental illness, including a schizophrenia diagnosis, exacerbated by inconsistent care; and drug addiction beginning at an early age.  Hernandez also listed the following mitigating circumstances:  Hernandez did not hold the gun during the commission of the present crime and believed his co-defendant carried a pellet gun; the loss in the current offense was only approximately $800; he confessed his behavior; the first strike offense occurred in 1989 when he was 23; his second strike conviction was also remote in time, having occurred in 1993; and he had only two violent write ups while serving his current sentence:  one in 2011 and the other in 2020.  In addition, in recent years, Hernandez took part in a variety of support groups, studied religion, and received a vocational certificate.

The People opposed the motion for resentencing because of Hernandez's extensive criminal history and disciplinary record while incarcerated.  Based

on his repeated violent crimes, the People sought a sentence of 25 years to life plus 11 years—the same sentence but now excluding the invalid one-year prison prior enhancement. The People argued that a lesser sentence would endanger public safety.

At the hearing, the court recalled the sentence and then resentenced Hernandez. The court had reviewed Hernandez's motion and exhibits, which it summarized at the hearing. The court then recounted Hernandez's juvenile criminal history, which included two second degree burglaries, a robbery at gunpoint, and a vehicle theft. As an adult, he was convicted of vehicle thefts, substance abuse offenses, a robbery, a second degree burglary, and two attempted murders. On multiple occasions, Hernandez fled from police. He also violated parole multiple times.

Hernandez's first strike and serious felony prior arose from the 1989 robbery conviction. During that incident, while attempting to remove the stereo from the victim's vehicle, Hernandez assaulted the victim and stole his wallet and car keys. Hernandez then drove the vehicle through the wall of a gun store and stole 31 weapons, which he subsequently sold.

In 1993, Hernandez was convicted of his second strike and serious felony prior offense, involving two counts of attempted murder. First, he fired shots at a security guard during an attempted vehicle theft. The next month, he shot at police as they pursued him in a stolen vehicle.

In 2001, during a prior period of incarceration, Hernandez was convicted of the felony of possessing a weapon while in prison (§ 4502). After his release, in 2006, he was convicted of a DUI and receiving stolen property.

During the current period of incarceration, Hernandez's conduct includes a conviction for possessing a controlled substance in jail, and rule violations for fighting in 2011, manufacturing alcohol in 2014, testing

4

positive for morphine in 2016, and cellular phone possession on two occasions in 2019. He was then convicted of battery on an officer in 2020, at which time he also had possession of methamphetamine. In 2020, he also was found guilty of delaying a peace officer. In 2022, he was found to have been fighting with other inmates.

The court explained that Hernandez was 42 years old when he was convicted, had served 15 years, and would soon turn 57 years old.

The court also noted the mitigating circumstances offered by Hernandez: his apology reflected in the probation report, his schizophrenia diagnosis and explanation he had not been taking his medication during this offense, his developmental delays, his substance abuse, and his lack of gang involvement for 15 years.

The court first denied Hernandez's *Romero* motion. The court resentenced Hernandez to concurrent 25 years to life terms on counts one and two plus one section 667, subdivision (a)(1) five-year enhancement, for a total term of 25 years to life plus five years. Applying section 1385, subdivision (c), the court struck the five-year enhancement for the 1989 serious felony prior and the one-year enhancements for the codefendant's possession of a firearm, finding present the factors of multiple enhancements (§ 1385, subd. (c)(2)(B)), mental illness and impairment (§ 1385, subd. (c)(2)(D)), and prior convictions over 5 years old (§ 1385, subd. (c)(2)(H)). However, the court declined to strike the other five-year enhancement, stating: "The court finds that it will not strike the second serious felony prior. The defendant will still serve the 25-to-life, plus five years, and it will up be up to the parole board to release him."

In rendering this decision, the court noted Hernandez continued to violate rules in prison, "including engaging in the behaviors that brought him

5

to prison:  Fighting with other inmates, battery on an officer," and possession of a controlled substance, explaining "that it is being under the influence that had an impact on making the poor decisions that he made in this case."  The court found "that if it struck that second serious felony prior, that could endanger public safety as there is a likelihood that dismissal would result in physical injury or serious danger to others."  Also at the hearing, the court found "a lack of clear and convincing evidence that reflect the defendant's age and time served have reduced defendant's risk of future violence."

## DISCUSSION

On appeal, Hernandez contends the trial court abused its discretion by declining to strike the second serious felony prior enhancement under section 1385, subdivision (c).[2]  Specifically, he argues the court erred by considering only whether he currently posed a danger to public safety, rather than whether he would present a danger at the time he could be released if the enhancement was stricken.  We disagree and conclude the court acted within its sound discretion.

Effective January 1, 2022, with the passage of Senate Bill No. 81 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1), section 1385, subdivision (c)(1), provides that "the court shall dismiss an enhancement if it is in the furtherance of justice to do so."  The court has "discretion under this subdivision" but "shall . . . afford great weight to evidence offered by the defendant to prove that any of the [nine] mitigating circumstances in subparagraphs (A) to (I) are present."  (*Id.*, subd. (c)(2).)  Two such mitigating circumstances are that "[t]he current offense is connected to mental illness" (*id.*, subd. (c)(2)(D)) and that "[t]he enhancement is based on a prior

---

[2]    While the appellant preemptively addresses forfeiture, the People do not argue the defense forfeited this issue.

conviction that is over five years old" (*id.*, subd. (c)(2)(H)). Proof of mitigating circumstances "weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal . . . would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (*Id.*, subd. (c)(2).)

Since Hernandez filed his opening brief, the California Supreme Court decided *People v. Walker* (2024) 16 Cal.5th 1024 (*Walker*), clarifying the application of section 1385, subdivision (c). The court first explained that the language " 'weighs greatly in favor of dismissing' " does not create a rebuttable presumption in favor of dismissal when mitigating circumstances are present. (*Walker,* at pp. 1033–1034, italics omitted.) Rather, " 'the ultimate question before the trial court remains whether it is in the furtherance of justice to dismiss an enhancement.' " (*Id.* at p. 1033.) The " 'furtherance of justice' (§ 1385, subd. (c)(1)) inquiry requires a trial court's ongoing exercise of 'discretion' (*id.*, subd. (c)(2)). Thus, notwithstanding the presence of a mitigating circumstance, trial courts retain their discretion to impose an enhancement based on circumstances 'long deemed essential to the "furtherance of justice" inquiry.' " (*Walker*, at p. 1033.)

In essence, in applying section 1385, subdivision (c), when mitigating circumstances are present, *Walker* dictates that the resentencing court first determines whether the dismissal of the enhancement would endanger public safety. If not, "mitigating circumstances strongly favor dismissing the enhancement," but the court retains discretion to "determine whether dismissal is in furtherance of justice." (*Walker, supra*, 16 Cal.5th at p. 1036.) The existence of a "mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial,

7

[relevant, and] credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Ibid.*) On the other hand, " 'if the trial court finds that dismissal of an enhancement would endanger public safety,' " the court should not dismiss the enhancement as "it is hard to see how dismissal would further the interests of justice." (*Id.* at p. 1033.)

"In general, we review for abuse of discretion the trial court's decision not to strike a sentence enhancement under section 1385, subdivision[s (a) and (c)]." (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).) Applying this test, we conclude the trial court did not abuse its discretion by declining to strike the second serious felony prior enhancement.

At the hearing, the court considered Hernandez's extensive criminal history, the seriousness of the 1993 attempted murder convictions and violence of the present offense, his postconviction disciplinary record which included recent drug and fighting incidents, and his record of rehabilitation while incarcerated, which included "quite a big period of time when there [were] no rehabilitative efforts." In particular, the court concluded Hernandez's fighting with other inmates, battery of an officer, and possession of controlled substances in recent years resulted in "there [being] a likelihood that dismissal would result in physical injury or serious danger to others" absent the five-year enhancement. Under these circumstances, it was within the bounds of reason for the court to conclude that Hernandez would pose a danger to public safety were the second five-year enhancement stricken.

Further, given the court's finding that "there is a likelihood that dismissal *would* result in physical injury or serious danger to others" (italics added), we do not find the court's statement that dismissal of the enhancement "*could* endanger public safety" (italics added) a problem.

Having reasonably determined that the dismissal of the second serious felony prior enhancement would likely endanger public safety, dismissal of the enhancement necessarily would not have furthered the interests of justice. (*Walker, supra*, 16 Cal.5th at p. 1033.)

Hernandez's citation to the case *People v. Gonzalez* (2024) 103 Cal.App.5th 215 (*Gonzalez*) does not convince us otherwise. In *Gonzalez*, the trial court "believed that it was required to decide whether the defendant 'currently at the time of sentencing represent[s] a danger to society' " and therefore "imposed the firearm enhancement based on its conclusion that Gonzalez 'presently . . . does represent a danger to society.' " (*Id.* at p. 227.) On appeal, this court concluded the trial court "appl[ied] an erroneous legal standard," abusing its discretion "because it considered only whether Gonzalez currently posed a danger to the public when assessing if a dismissal of the firearm enhancement would 'endanger public safety.' " (*Id.* at pp. 230–231.) We explained that "the trial court also should have considered the date on which Gonzalez could be released if the firearm enhancement was dismissed and the fact that the release would be subject to a review by the Board of Parole Hearings and the Governor." (*Ibid.*)

The trial court here did not limit itself to an inquiry into Hernandez's current dangerousness. (*Carmony, supra*, 33 Cal.4th at pp. 376–377 [unless "the party attacking the sentence to clearly show[s] that the sentencing decision was irrational or arbitrary[,] . . . the trial court is presumed to have acted to achieve legitimate sentencing objectives"]; *People v. Myers* (1999)

9

69 Cal.App.4th 305, 310 ["The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary."].) Further, the record contains clear indications that the trial court engaged in a " 'forward-looking inquiry' " as to "how the dismissal of the enhancement will impact the length of the defendant's sentence." (*Gonzalez*, *supra*, 103 Cal.App.5th at pp. 223, 228.) In its analysis, the court noted Hernandez's age of 56 and his 15 years served thus far. And the court explicitly considered that the parole board would have to approve his eventual release. Along with these factors, a forward-looking inquiry into the risk of danger to public safety is necessarily grounded in past conduct as predictive of the likelihood of future behavior. In sum, the court considered the proper factors and reasonably concluded the dismissal of the five-year enhancement would permit Hernandez's release at an age that would endanger public safety.

## DISPOSITION

The judgment is affirmed.


RUBIN, J.

WE CONCUR:


DATO, Acting P. J.


DO, J.